FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 15 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NORBERTO MARTINEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-2044 (WFK)

**KUNTZ, II, United States District Judge.**

On March 26, 2019, the Court received petitioner Norberto Martinez's *pro se* petition for a writ of error *coram nobis* challenging his July 28, 1997 conviction in this Court. For the following reasons, the petition is denied.

Petitioner was convicted in Docket Number 95-cr-710-DGT, following a jury trial, of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). His subsequent appeal was dismissed. *United States v. Martinez*, 159 F.3d 1349 (2d Cir. 1998) (dismissing defendant-appellant's claims related to sufficiency of the evidence, the trial court's admission of certain evidence, and alleged ineffective assistance of trial counsel), *cert. denied, Martinez v. United States*, 525 U.S. 939 (1998). Petitioner was sentenced to 63 months imprisonment and 4 years supervised release. Petitioner did not file a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255.

Thereafter, petitioner was convicted of multiple offenses related to narcotics trafficking and sentenced to life imprisonment under Docket Number 03-cr-1049-NGG. Petitioner appealed that conviction and also filed a collateral challenge pursuant to 28 U.S.C. § 2255. *United States v. Vargas, et al.*, 279 F. App'x 56, 59 (2d Cir. 2008) (appeal dismissed), *cert. denied, Martinez v.*

*United States*, 565 U.S. 883 (2011); *Martinez v. United States*, No. 09-CV-3692-NGG, 2010 WL 5391189 (E.D.N.Y. Dec. 22, 2010) (denying *habeas* petition).

The instant petition argues that the 1997 conviction is invalid because the prosecution failed to prove each element of conspiracy and because trial counsel was ineffective in failing to argue that claim at trial. Petitioner does not assert any newly discovered evidence or present any reason for his failure to raise these arguments in prior post-conviction motions.

A writ of error *coram nobis* is an "extraordinary remedy" authorized under the All Writs Act, 28 U.S.C. § 1651, and is generally used to review a criminal conviction where a *habeas corpus* motion under 28 U.S.C. § 2255 is unavailable because the petitioner is no longer serving the sentence which he challenges. *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). "'Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)). *Coram nobis* is essentially a remedy of last resort and should be allowed only when necessary to achieve justice and where "extraordinary circumstances are present." *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir. 1992); *see United States v. Morgan*, 346 U.S. 502 (1954). The petition for the writ "is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and citations omitted). "A petitioner seeking such relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from

his conviction that may be remedied by granting of the writ." *Id.* at 79 (internal quotation marks and citations omitted).

*Coram nobis* relief is not available if the petitioner could have sought earlier relief, including on direct appeal or through *habeas corpus*. *See Calvert v. United States*, No. 06-CV-1722 (CBA), 2007 WL 160918, at *3 (E.D.N.Y. Jan.17, 2007) (finding petitioner was not entitled to a writ of error *coram nobis* because he failed to explain why he did not seek relief through direct appeal or through a 28 U.S.C. § 2255 petition), *aff'd*, 351 F. App'x 475 (2d Cir. 2009). If the petitioner did not seek earlier relief, he must "show justifiable reasons for the delay." *Foont*, 93 F.3d at 80. Although the writ of error *coram nobis* "is not subject to a specific statute of limitations," it "may be barred by the passage of time." *Id*, at 80 (internal quotation marks and citation omitted).

In this case, twenty-three years after his conviction, petitioner renews arguments that he previously made on appeal. He does not assert any reason that he could not have filed a timely petition pursuant to 28 U.S.C. § 2255 or have filed any other post-conviction motions in the intervening years. Under these circumstances, a writ of error *coram nobis* is not available.

## CONCLUSION

Because a writ of error *coram nobis* is unavailable 23 years after petitioner made the same claims on direct appeal, the instant motion for a writ of error *coram nobis* is denied. The Clerk of Court is directed to enter judgment accordingly and close the case. The Court denies a certificate of appealability and certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: May 14, 2019
Brooklyn, New York

4